IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL LEE CAMERON,<br><br>Petitioner,<br><br>vs.<br><br>JASON KOWALSKI; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-57-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 23, 2020, Petitioner Michael Lee Cameron filed this action under 28 U.S.C. § 2254.[1] Cameron is a state prisoner proceeding pro se. For the reasons set forth below, Cameron's petition should be dismissed.

## I.    Motion for Leave to Proceed in Forma Pauperis

Cameron moves for leave to proceed in forma pauperis. (Doc. 2). Although he has not yet provided the requisite prisoner account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

## I.      28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Cameron's claims are unexhausted, his petition should be dismissed without prejudice.

## II.     Procedural History/Cameron's Claims

In November of 2016, Cameron was convicted of Failure to Register as a Sexual Offender in Montana's Thirteenth Judicial District, Yellowstone County. (Doc. 1 at 2-3.) Cameron received a three-year suspended sentence. *Id*. at 3. Although Cameron states he did not file a direct appeal or seek review of his sentence with the Montana Sentence Review Division, he indicates that he has an active postconviction case pending. *Id*. Cameron explains that he filed for relief in the state district court on September 17, 2019, but that the matter has not progressed. *Id*. at 4.[2]

---

[2] The Court has verified that an active Yellowstone County District Court postconviction matter is pending in *Cameron v. State*, Cause No. DV-56-2019-1329. Proceedings, including orders and filings, in other courts, including state courts, are also the proper subject of judicial notice

2

But it appears that Cameron is mistaken in relation to his direct appeal. A review of the Montana Supreme Court Docket reveals that in January of this year, a Notice of Appeal was filed in Cameron's criminal case. See, *State v. M. Cameron*, Cause No. DA-20-0060, Not. (filed Jan. 27, 2020).[3] Cameron is represented by counsel in this matter and his opening brief is scheduled to be filed on or before May 18, 2020. *State v. M. Cameron*, Cause No. DA-20-0060, Or. (Aril 17, 2020).

In his petition before this Court, Cameron asserts: (1) his Fifth Amendment right to be free of Double Jeopardy was violated, (Doc. 1 at 4, ¶ 13(A)); and, (2) trial counsel provided ineffective assistance in violation of the Sixth Amendment. *Id*. at 5, ¶ 13(B). Cameron asks this Court to order his immediate release from custody. *Id*. at 7, ¶ 16.

### III.   Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the

---

when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted).

[3] All state court filings and orders available at: https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed May 6, 2020).

remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the federal constitutional claims Cameron attempts to advance. As set forth above, Cameron is in the process of seeking both direct and collateral review in the state

4

courts. Before Cameron can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Cameron has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Cameron to return to this Court if and when he fully exhausts the claims relative to his current custody.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Cameron has not made a substantial showing that he was deprived of a

constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Cameron's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Cameron's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Cameron may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Cameron is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

determination by the district judge and/or waive the right to appeal.

Cameron must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of May, 2020.

>*/s/ Timothy J. Cavan*
>Timothy J. Cavan
>United States Magistrate Judge