

JUN 2 2 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL LEE CAMERON,<br><br>Petitioner,<br><br>vs.<br><br>JASON KOWALSKI; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 20-57-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on May 27, 2020. (Doc. 4.) The Magistrate recommended dismissing the petition without prejudice. (*Id.* at 6.) The Petitioner, Michael Cameron, timely filed objections to the Magistrate's Findings and Recommendations. (Doc. 8.) For the following reasons, the Court adopts the Findings and Recommendations in full.

The Magistrate found that Cameron had not exhausted his state court remedies before petitioning for a writ of habeas corpus in federal court. (*Id.* at 3–4.) In fact, Cameron is represented by counsel in this matter on a pending appellate review with

1

the Montana Supreme Court. (*Id.* at 3); *see State v. M. Cameron*, Cause No. DA-20-0060, Not. (filed Jan. 27, 2020). Because he has yet to give the state courts one full opportunity to review his constitutional claims, the Magistrate found Cameron's petition premature and recommended dismissal without prejudice. (*Id.* at 3–4); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Magistrate also recommended denying Cameron a certificate of appealability because he had clearly not exhausted his state court remedies, and reasonable jurists would not find that debateable. (*Id.* at 5–6.)

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b).

Cameron admits he has not exhausted his state court remedies prior to seeking habeas review. (Doc. 8 at 1.) However, he requests a certificate of appealability because his direct appeal with the Montana Supreme Court is still pending. (*Id.* at 3.)

Cameron appears to be mistaken about the function of a certificate of appealability. The certificate of appealability certifies that an appeal may be taken to the *federal* court of appeals (here, the Ninth Circuit). 28 U.S.C. § 2253. The certificate has no bearing on Cameron's pending *state* court appeal. After the

Montana Supreme Court has considered his case, if it affirms his conviction, Cameron will have the opportunity to file a new federal habeas petition. His current petition is simply premature. Reasonable jurists would not find it debatable whether Cameron has yet to exhaust his state court remedies. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Cameron also argues the Court should excuse his procedural default and consider the merits of his claim. (Doc. 8 at 2.) Again, he is mistaken. There is no procedural default because Cameron's appeal is still pending before the Montana Supreme Court.

The Court reviews the remaining Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After reviewing the Findings and Recommendations, this Court does not find that the Magistrate committed clear error. Cameron has not exhausted his state court remedies. *See* 28 U.S.C. §2254(b)(1)(A). Accordingly,

**IT IS ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 4) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED**:

3

1. Cameron's Petition (Doc. 1) is **DISMISSED** without prejudice as unexhausted.

2. Cameron's Motion for Extension of Time to File Objections (Doc. 7) is **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

4. The Clerk of Court shall enter a judgment of dismissal.

DATED this 22nd day of June, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge